IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JULIA DUNLAP                                                                          PLAINTIFF

V.                                      3:04CV312JMM

ARKANSAS STATE UNIVERSITY                                          DEFENDANT

### ORDER DENYING MOTION TO DISMISS

Pending is the Defendant's Motion to Dismiss.  Defendant contends that Plaintiff's Complaint should be dismissed for insufficiency of process under Federal Rule of Civil Procedure 12(b).  The Plaintiff, acting pro se, has responded to the motion.  However, Plaintiff has failed to specifically address the insufficiency of process issue.  For the reasons set forth below, the Motion to Dismiss is DENIED.

Rule 4(e) of the Federal Rules of Civil Procedure states that service within a judicial district of the United States may be effected pursuant to the law of the state in which the district court is located.  Arkansas Civil Procedure Rule 4(d) provides that service of a summons and complaint shall be served:

> (7) Upon a state or municipal corporation or other governmental organization or agency thereof, subject to suit, by delivering a copy of the summons and complaint to the chief executive officer thereof, or other person designated by appointment or by statute to receive such service, or upon the Attorney General of the state if such service is accompanied by an affidavit of a party or his attorney that such officer or designated person is unknown or cannot be located.
>
> (8)(A)(i) Service of a summons and complaint upon a defendant of any class referred to in paragraphs (1) through (5), and (7) of this subdivision (d) may be made by the plaintiff or an attorney of record for the plaintiff by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations. However, service on the registered agent of a corporation or other organization may be made by certified mail with a return receipt requested.

Ark. R. Civ. P. 4(d).

Plaintiff mailed a copy of the complaint by certified mail to Arkansas State University where it was signed for by a student worker.  This is not sufficient under Rule 4(d)(7) or 4(d)(8) because Plaintiff did not designate the "chief executive officer thereof, or other person designated by appointment or by statute to receive such service" as the recipient of the documents.  Ark. R. Civ. P. 4(d)(7).  "Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant."  *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 120 S.W.3d 525, 530 (2003).  Arkansas case law is "equally well-settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact." *Id.*

However, Rule 4(m) of the Federal Rules of Civil Procedure provides that the Court shall extend the time for service of process for an appropriate period where good cause is shown.  Moreover, the Court may "relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." Rule 4 Advisory Committee Notes (1993).  Thus, under Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to properly serve within 120 days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice.

Although Plaintiff has not shown good cause, or any cause, for her failure to properly serve the Defendant within the time previously specified by the Court, the Court finds that it would be an abuse of discretion to dismiss Plaintiff's case for this reason under the circumstances of this case.  Therefore, the Court will grant Plaintiff an extension of time to serve the Defendant <u>as directed by Arkansas Rule of Civil Procedure 4</u>.  Plaintiff must serve the

Defendant on or before October 31, 2005. Failure to do so by this date in accordance with the Arkansas Rules of Civil Procedure will result in dismissal of the case.

In conclusion, Defendant's Motion to Dismiss (Docket # 21) is DENIED.

IT IS SO ORDERED this 4th day of October 2005.

/s/ James M. Moody
James M. Moody
United States District Judge