IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JULIA DUNLAP                                                              PLAINTIFF

V.                                    3:04CV312JMM

ARKANSAS STATE UNIVERSITY                              DEFENDANT

## ORDER GRANTING SECOND MOTION TO DISMISS

Pending is the Defendant's Second Motion to Dismiss. Once again, Defendant contends that Plaintiff's Complaint should be dismissed for insufficiency of process under Federal Rule of Civil Procedure 12(b). The Plaintiff, acting pro se, has responded to the motion. The Defendant has replied. Plaintiff has filed a sur-reply. For the reasons set forth below, the Motion to Dismiss is GRANTED.

On October 4, 2005 this Court entered an Order denying the Defendant's Motion to Dismiss for insufficient process under Rule 4(e) of the Federal Rules of Civil Procedure.[1] In the

---

[1] Rule 4(e) of the Federal Rules of Civil Procedure states that service within a judicial district of the United States may be effected pursuant to the law of the state in which the district court is located. Arkansas Civil Procedure Rule 4(d) provides that service of a summons and complaint shall be served:

> (7) Upon a state or municipal corporation or other governmental organization or agency thereof, subject to suit, by delivering a copy of the summons and complaint to the chief executive officer thereof, or other person designated by appointment or by statute to receive such service, or upon the Attorney General of the state if such service is accompanied by an affidavit of a party or his attorney that such officer or designated person is unknown or cannot be located.
>
> (8)(A)(i) Service of a summons and complaint upon a defendant of any class referred to in paragraphs (1) through (5), and (7) of this subdivision (d) may be made by the plaintiff or an attorney of record for the plaintiff by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations. However, service on the registered agent of a corporation or other organization may be

Order, the Court explained Rule 4(e) of the Federal Rules and Rule 4(d) of the Arkansas Rules to the Plaintiff and granted her an extension of time to properly serve the Defendant. Plaintiff attempted to serve the Defendant by certified mail sent to Dr. Les Wyatt, ASU President, Myron Flugstad, and Dr. George Grant. However, Plaintiff failed to restrict the delivery of the documents as required by Rule 4(d) of the Arkansas Rules of Civil Procedure. Therefore, a student accepted delivery of each of the documents.

As stated in the previous Order, this is not sufficient under Rule 4(d)(7) or 4(d)(8) because Plaintiff did not designate the "chief executive officer thereof, or other person designated by appointment or by statute to receive such service" as the recipient of the documents. Ark. R. Civ. P. 4(d)(7). "Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant." *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 120 S.W.3d 525, 530 (2003). Arkansas case law is "equally well-settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact." *Id.*

Plaintiff was warned that failure to properly serve the Defendant in accordance with the Arkansas Rules of Civil Procedure by October 31, 2005 would result in dismissal of the case. Therefore, because the Plaintiff has failed to serve the Defendant under Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4(d) of the Arkansas Rules of Civil Procedure, the Court finds that the Defendant's Second Motion to Dismiss should be, and hereby is, GRANTED.

Moreover, Plaintiff set forth the facts of her discrimination case in her Complaint and

---

made by certified mail with a return receipt requested. Ark. R. Civ. P. 4(d).

again in her sur-reply. As proof of discrimination, Plaintiff states she is discriminated by her supervisor and co-workers by the following actions:

    1)    not invited to group meeting and workshops in the library;

    2)    her supervisor always communicates with her by e-mail;

    3)    her supervisor does not communicate with her face to face;

    4)    she is not provided interpreters, TTY, instant messaging, videophone, real-time chat, or computers for two people at work.

(Plaintiff's Sur-reply, docket # 34). Plaintiff complains that her supervisor allows other employees to attend seminars and obtain reimbursement for travel. Plaintiff also complains that her employer does not praise her and appears to have a better relationship with other employees. These allegations, however, do not constitute adverse employment action. Title VII is not a "general civility code." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Without an adverse employment action, Plaintiff cannot set forth a prima facie case of discrimination. *See Baucom v. Holiday Companies, Inc.*, 2005 WL 3005490 (8th Cir. 2005).

       Further, there is no evidence in her pleadings which tends to indicate that Plaintiff was discriminated against because of her disability. In fact, Plaintiff gives an example of another disabled employee, Tracy, who is treated very well by the supervisor and employees and provided with necessary accommodations. Plaintiff has not stated that she has been denied an accommodation necessary to fulfilling the duties of the job she has been performing for the last six years.

       In conclusion, Defendant's Motion to Dismiss (Docket # 29) is GRANTED. The Clerk is directed to close the case.

IT IS SO ORDERED this 14th day of November 2005.

_____
James M. Moody
United States District Judge